CHAS. KURZ & CO., Inc., as owner of THE Tank Steamer FORT FETTERMAN, Appellant and Cross-Appellee,

v.

The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellee and Cross-Appellant.

No. 7379.

United States Court of Appeals Fourth Circuit.

Argued April 3, 1957.

Decided April 5, 1957.

Charles W. Waring, Charleston, S. C. (Waring & Brockington, Charleston, S. C., on brief), for appellant and cross-appellee.

Charles H. Gibbs, Huger Sinkler, Charleston, S. C., and T. C. Callison, Atty. Gen. (Sinkler, Gibbs & Simons, Charleston, S. C., on brief), for appellee and cross-appellant.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

After the premature appeal in this case was dismissed, see 236 F.2d 221, the cross libellant filed a motion to stay proceedings upon the libel until the libellant should give security to respond in damages to the claims set forth in the cross libel. The District Judge denied the motion on the ground that the libellant was an agency of the State of South Carolina, that there was a substantial question as to the power of any official of the state to execute such bond, and that the cross libellant would not suffer injury as a result of such bond not being given, since it was inconceivable that the State of South Carolina, having invoked the jurisdiction of the court, would not comply with any judgment that might be rendered in the cause. He accordingly held that the case was a proper one for the exercise of the discretion vested in him by Rule 50 of the Admiralty Rules, 28 U.S. C.A. not to require the filing of bond by the libellant. The cross libellant has appealed from the order denying the motion.

Assuming that appeal lies from such an order denying stay of proceedings, we do not think that there was any abuse of discretion in the entry of that order. As said by the judge below, it is hardly conceivable that a state of our union would fail to abide by a judgment of a court after invoking its jurisdiction for the adjudication of a controversy; and this was the position taken at the bar of this court by the Attorney General of the state. If bond is not necessary to protect the rights of the cross libellant, the proceedings in court ought not be delayed by a requirement that such a bond be executed. The order appealed from will accordingly be affirmed and mandate will issue forthwith in order that there may be no further delay in the hearing of the case.

Affirmed.